IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RONALD LEROY SATTERLEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:18-03348-CV-RK |
| | ) | |
| | ) | |
| COMMISSIONER OF INTERNAL | ) | |
| REVENUE SERVICE, INTERNAL | ) | |
| REVENUE SERVICE, DISCLOSURE | ) | |
| OFFICER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Internal Revenue Service ("Defendant")'s Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) ("the Motion"). (Doc. 13.) The Motion is fully briefed. (Docs. 14, 15, 16, 17.)[1] After careful consideration, the Motion is **GRANTED**, and this case is **DISMISSED.**

## Background

Plaintiff Ronald Satterlee ("Plaintiff") brings this action pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act. The FOIA confers jurisdiction to district courts to enjoin an agency from withholding agency records and to order the release of any agency records improperly withheld. 5 U.S.C. § 552(a)(4)(B). The Privacy Act establishes a procedure for fair information practices for records concerning individuals maintained by federal agencies. 5 U.S.C. § 552(a). Plaintiff wrote four letters to Defendant seeking various information and documents utilizing the FOIA and the Privacy Act. (Doc. 1.)

- **June 19, 2017 Request:**

    This request sought "Original Copies of the 'Original' Liens'" for the 1998 through 2004 and 2006 through 2011 tax years. (Doc. 14-1.) Defendant responded to this letter

---

[1] Plaintiff has filed two oppositions to the Motion. (Docs. 15, 16.) Although only one opposition to a dispositive motion is proper, in light of Plaintiff's *pro se* status, the Court will consider both documents in its analysis. *See Erikson v. Pardus*, 551 U.S. 89, 94 (2011) ("[a] document filed *pro se* is to be liberally construed") (internal quotations and citations omitted).

on July 31, 2017. (Doc. 14-3.) Defendant's response indicated that the "'original' lien is a concept, not a paper document," and as a result, Defendant did not find any documents specifically responsive to Plaintiff's request. (*Id.*) Defendant's response also stated that all notices of liens for the requested tax years were previously provided to Plaintiff in response to a separate FOIA request. (*Id.*) Defendant's response concluded by stating that Satterlee had the right to file an administrative appeal, and enclosed a Notice 393, which further explained Plaintiff's appeal rights. (*Id.*) Defendant has no record of receiving an administrative appeal of the June 19, 2017 Request. (Doc. 14.)

- **June 20, 2017 Request:**

This request seeks "[c]op[ies] of Original 'Demand' Document stipulated on 'Notice of Federal Tax Lien' which alleges 'Lawful' Service of Process, provides full and complete disclosure, 'in good faith' and 'Lawfully' complies with statement, 'We have made a demand for payment . . .'" for the 1998 through 2004 and 2006 through 2011 tax years. (Doc. 14-6.) Defendant responded to this request on August 1, 2017. Defendant's response indicated that the requested "[d]emand notices are systematically issued (computer generated) and no paper documents exist," and as a result, the Service was unable to provide the records requested. (Doc. 14-7.) Defendant's response also informed Plaintiff of his appeal rights. (*Id.*) Defendant has no record of receiving an administrative appeal of the June 20, 2017 Request.

- **August 28, 2017 Request:**

Defendant treated the August 28, 2017 Request as a new FOIA request because it requested new information. The August 28, 2017 Request asked that Defendant's Disclosure Manager, Ronald Mele, "confirm and make responsive statement that there has been no IRS notice and demand made for or during years 1998-2004 and 2006-2011." (Doc. 14.) Defendant responded on September 14, 2017, and denied Plaintiff's request stating Defendant is "not required to create records, provide explanations, or answer questions in response to a FOIA request." (Doc. 14-9.)

- **August 13, 2018 Request:**

Plaintiff's Complaint alleges he sent another FOIA request dated August 13, 2018 ("Alleged August 13 Request"). (Doc. 1-2.) The Alleged August 13 Request sought

2

"a copy of ANY *MF STAT-21* shown on the Transcript of Account for tax years 1998-2004 and 2006-2011." (*Id.*) Plaintiff attached a copy of the Alleged August 13 Request to his Complaint. Defendant argues the request it received was dated August 13, 2018, but it was substantively different than the Alleged August 13, 2018 Request Plaintiff provided with his Complaint ("Actual August 13 Request").[2] Defendant argues the Actual August 13 Request is different because it sought the identification of the type of taxes that were referenced in the "Notice of Federal Tax Lien" documents for the years 1998-2004 and 2006-2011, while the Alleged August 13 Request sought *MF STAT-21* documents. (Doc. 14-10.) Defendant has no record of receipt of the Alleged August 13 Request.

## Legal Standard

"A Rule 12(b)(1) motion challenges the federal court's subject matter jurisdiction over a cause of action." *Knox v. St. Louis City Sch. Dist.*, 2018 U.S. Dist. LEXIS 209123, at *2 (E.D. Mo. Dec. 12, 2018). "Subject matter jurisdiction is the power of a federal court to decide the claim before it. *Id.* (citing *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017)). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal courts retain the power to hear cases only if authorized to do so by both the Constitution and by statute. *Id.* "Generally speaking, a federal court's subject-matter jurisdiction over a case must be based on either [a] federal question . . . or diversity." *Miller v. Clark*, 2013 U.S. Dist. LEXIS 196713, at *1 (W.D. Mo. June 14, 2013). If a federal court lacks jurisdiction over the subject matter of a case, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).[3]

---

[2] Plaintiff attached the Alleged August 13 Request to his Complaint. (Doc. 1-2.) The Alleged August 13 Request was mailed to the following address: Disclosure Officer, Disclosure Services, Room 1054-MT, U.S. Department of the Treasury, Washington 20220, District of Columbia, USA. (*Id.*)

Defendant attaches the Actual August 13 Request it received to the Motion. (Doc. 14-10.) The Actual August 13 Request was mailed to the following address: Internal Revenue Service, FOIA Public Liaison, Attn. Jason W. Addis, 575 N. Pennsylvania, Indianapolis, IN 46204-1563. (*Id.*) After reviewing Plaintiff's Complaint and the attached Alleged August 13 Request, Defendant learned the Alleged August 13 Request was different from the Actual August 13 Request that Defendant received. The Court does note that the second page of the Alleged August 13 Request is identical, including the handwritten signature, to the Actual August 13 Request.

[3] "Circuits are split on the question of whether a failure to exhaust administrative remedies constitutes a true jurisdictional bar to FOIA claims or merely provides prudential grounds for declining to exercise jurisdiction." *Widtfeldt*, 2013 WL 2149100, at *3. "While the Eighth Circuit has not squarely

"Pursuant to the FOIA, upon any request for records, the administrative agency maintaining the records must: (1) determine within 10 days whether to comply with the request; (2) inform the person requesting the records of the determination and the reasons therefore; (3) advise the person of his right to appeal to the head of the agency any adverse determination; (4) render a determination with respect to an appeal within 20 days of receiving the appeal; and (5) inform the person requesting the records of the provisions for judicial review in the event the agency's denial of the request is upheld on appeal." *Giaimo*, 1996 WL 249362, at *2 (E.D. Mo. 1996) (citing 5 U.S.C. §552(a)(6)(A)). "The agency's obligation to process a request for records is predicated on the agency's receipt of a request which reasonably describes the records sought and is made in accordance with published rules stating the time, place, fees, and procedures to be followed." *Id.* (citing 5 U.S.C. § 552(a)(3)). Under the FOIA, "federal jurisdiction is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records." *Kissinger v. Reporters Comm. For Freedom of Press*, 445 U.S. 136, 150 (1980). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *DOJ v. Tax Analysts*, 492 U.S. 136, 142 (1989).

### Discussion

Defendant seeks dismissal of Plaintiff's claims because: (1) Plaintiff has failed to exhaust his administrative remedies as to the June 19, 2017 Request, June 20, 2017 Request, and Alleged August 13 Requests; (2) Defendants "Commissioner of Internal Revenue" and "Disclosure Officer" are not proper defendants in an FOIA action; and (3) the Court lacks jurisdiction over the August 28, 2018 Request because it seeks an answer to a question and not agency records.

**A. Defendants Commissioner of Internal Revenue Service and Disclosure Officer**

Defendant argues Defendants Commissioner of Internal Revenue Service and Disclosure Officer are not proper defendants in this case because they are not agencies. The FOIA applies to federal government agencies. *See* 5 U.S.C. § 552(a). The Internal Revenue Service is the only proper party to a FOIA and Privacy Action regarding IRS records. *See* 5 U.S.C. § 552(a)(4)(B) (providing that district courts have jurisdiction to "enjoin the agency from withholding agency

---

addressed this question, courts in the Eighth Circuit have concluded that a plaintiff's failure to exhaust his administrative remedies under FOIA deprives this Court of subject matter jurisdiction over the complaint." *Id.* at 4.

records"). "FOIA incorporates the definition of "agency" found under the Administrative Procedures Act ("APA")." *ACLU of Mich. v. FBI*, 2012 U.S. Dist. LEXIS 141383, at *7 (E.D. Mi. Sept. 30, 2012). "Under the APA, an 'agency' is defined as 'each authority of the Government of the United States, whether or not it is within or subject to review by another agency." *Nielson v. United States BLM*, 252 F.R.D. 499, 508 (D. Minn. Aug. 12, 2008) (quoting 5 U.S.C. § 551(1)). Accordingly, Defendants Commissioner of Internal Revenue Service and Disclosure Officer are not proper defendants because they are not agencies. Defendants Commissioner of Internal Revenue Service and Disclosure Officer are dismissed from this action.

### B. June 19, 2017 Request; June 20, 2017 Request; and Alleged August 13, 2018 Request

Exhaustion of administrative remedies is a prerequisite to suit under the FOIA and Privacy Act. *Brumley v. U.S. Dept. of Labor*, 767 F.2d 444, 445 (8th Cir. 1985); *Elnashar v. DOJ*, 446 F.3d 792, 796 (8th Cir. 2006). "The exhaustion requirement is designed to provide the agency an opportunity to exercise its expertise and to make a record for review." *Coolman v. Internal Revenue Service*, 1999 WL 675319, at *4 (W.D. Mo. July 12, 1999). "However, when there is no statutory provision to the contrary, failure to exhaust is not an automatic bar to judicial review." *Id.* Exhaustion is not statutorily required with FOIA claims; "[r]ather, the exhaustion requirement has been imposed by the courts as a general principle of administrative law." *Id.* Courts have determined that the failure to exhaust administrative remedies is grounds for dismissal of a FOIA claim under Rule 12(b)(1). *Holmes v. Chao*, 90 F. App'x 188, 189 (8th Cir. 2004). *See also Widtfeldt v. United States*, 2013 WL 2149100, at *4 (D. Neb. May 16, 2013) ("courts in the Eighth Circuit have concluded that a plaintiff's failure to exhaust his administrative remedies under FOIA deprives this Court of subject matter jurisdiction over the complaint"); *Giaimo v. IRS*, 1996 WL 249362, at *2 (E.D. Mo. Feb. 23, 1996) (holding that the court lacked subject matter jurisdiction over FOIA claims where plaintiff failed to exhaust its administrative remedies).

Here, Plaintiff failed to exhaust his administrative remedies as to the June 19, 2017 and June 20, 2017 Requests because he did not file an administrative appeal. Defendant did not receive Plaintiff's Alleged August 13, 2018 request; therefore, Plaintiff has not exhausted his administrative remedies.[4] *See Giaimo*, 1996 WL 249362, at *2 (the "defendant concluded that the

---

[4] The Court notes that Plaintiff's Complaint describes the June 20, 2017 Request as Plaintiff's original FOIA request and describes a letter written on July 31, 2017 as the first appeal. (Doc. 1.) The Complaint describes Plaintiff's August 28, 2017 Request as Plaintiff's "Second Appeal of the Freedom of

plaintiffs' request for records was neither delivered to nor received . . . [and] Defendant's duty to process a request for records is clearly conditional upon the receipt of such a request . . . [therefore] [b]ecause plaintiffs have not exhausted their administrative remedies, this Court lacks jurisdiction over the subject matter of the action"). Accordingly, this Court does not have subject matter jurisdiction over Plaintiff's June 19, 2017; June 20, 2017; and August 13, 2018 Requests because Plaintiff failed to exhaust his administrative remedies.

### C. August 28, 2017 Request

The August 28, 2017 Request asks that Disclosure Manager, Ronald Mele, "confirm and make responsive statement [sic] that there has been no IRS notice and demand made for or during years 1998-2004 and 2006-2011." (Doc. 1-1.) Defendant responded on September 14, 2017, and denied Plaintiff's request stating Defendant is "not required to create records, provide explanations, or answer questions in response to a FOIA request." (Doc. 15.) The August 28, 2017 Request does not seek agency records; it seeks an answer or response to a statement. The FOIA "creates only a right of access to records, not a right to personal services." *Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985). The FOIA "neither requires an agency to answer questions disguised as a FOIA request, or to create documents or opinions in responses to an individual's request for information." *Id.* (internal citation omitted). The FOIA does not require an agency "to dig out all the information that might exist, in whatever form or place it might be found, and to create a document that answers plaintiff's questions." *Frank v. DOJ*, 941 F. Supp. 4, 5 (D.D.C. 1996). Therefore, the August 28, 2017 Request does not make a valid FOIA request because it seeks a response to a question and/or the creation of a document.

### D. Expedited Proceedings

Plaintiff also seeks expedited proceedings pursuant to 28 U.S.C. § 1657. A plaintiff is entitled to expedited proceedings only if good cause is shown. 28 U.S.C. § 1657(a). A plaintiff can establish good cause by showing that "a right under the Constitution of the United States or a Federal Statute would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.* District courts have discretion to determine the need for expedited processing on a case-by-case basis. *Freedom Commc'ns. Inc. v. FDIC*, 157 F.R.D. 485, 486-87

---

Information and Privacy Act Request." (Doc. 1-1.) To the extent Plaintiff is claiming these two "appeal" letters are sufficient to exhaust his administrative remedies, this is not proper appellate process and does not suffice to exhaust Plaintiff's administrative remedies.

(C.D. Cal. 1994). Plaintiff's Complaint fails to raise any reasonable inference that there is good cause to expedite proceedings. Plaintiff is not entitled to expedited proceedings to access records for which he has either not exhausted his administrative remedies or submitted a valid FOIA request.

**E. Costs**

Plaintiff seeks costs in this action pursuant to 5 U.S.C. § 552(a)(4)(E). "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section which the complainant has substantially prevailed." 5 U.S.C. § 552 (A)(4)(E)(i). Plaintiff has not prevailed, so Plaintiff is not entitled to costs. 5 U.S.C. § 552(a)(4)(E)(ii).

**Conclusion**

After careful consideration, the Court hereby **ORDERS** the following:

(1) Defendants Commissioner of Internal Revenue Service and Disclosure Officer are **DISMISSED**;

(2) The Court does not have subject matter jurisdiction over the June 19, 2017; June 20, 2017; August 28, 2017, and August 13, 2018 Requests; therefore, these claims are **DISMISSED**;

(3) Plaintiff's request for expedited proceedings is **DENIED**; and

(4) Plaintiff's request for costs of litigation is **DENIED**.

Accordingly, the Motion is **GRANTED**, and this case is **DISMISSED**. The Court directs the Clerk of the Court to mail a copy of this Order to Plaintiff via regular mail.

**IT IS SO ORDERED.**

                                                  s/ Roseann A. Ketchmark
                                                  ROSEANN A. KETCHMARK, JUDGE
                                                  UNITED STATES DISTRICT COURT

DATED: May 23, 2019